**Baldev SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–77073.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Sept. 3, 2009.

Tsz–Hai Huang Fax, Zeena Batliwalla, Rai & Associates, PC, San Francisco, CA, Kenneth L. Grover, SW, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Pamela J. De Rusha, U.S. Attorney's Office, Eastern District of Washington, Spokane, WA, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Baldev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substan-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tial evidence, *Popova v. INS,* 273 F.3d 1251, 1257 (9th Cir.2001), and we deny the petition for review.

■ Substantial evidence supports the BIA's conclusion that, even if Singh suffered past persecution, conditions have changed in India such that Singh no longer has a well-founded fear of persecution. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000–01 (9th Cir.2003) (individualized analysis of changed country conditions rebutted presumption of well-founded fear). Accordingly, petitioner's asylum and withholding of removal claims fail. *See id.*

■ Substantial evidence supports the agency's denial of CAT relief, because Singh failed to establish that it is more likely than not that he would be tortured if he returned to India. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**